IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WET SOUNDS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3258 |
| | § | |
| POWERBASS USA, INC., | § | |
| DEDC, INC. d/b/a DOW ELECTRONICS, | § | |
| AND AV AUDIO VISION, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING IN PART AND DENYING
IN PART THE MOTION TO DISMISS OR TRANSFER VENUE**

The defendant, PowerBass USA, Inc., moves to dismiss the patent-infringement complaint filed by the plaintiff, Wet Sounds Inc., or to transfer venue to the federal district court in the Central District of California. (Docket Entry No. 17). Wet Sounds opposes the motion. (Docket Entry No. 20). The court requested supplemental briefing on whether venue might be proper in a single district for all three defendants. (Docket Entry No. 23). The parties have responded. (Docket Entry Nos. 26, 27, 28). Based on the motion and responses, the record, and the applicable law, the court grants the motion to transfer venue as to the claims against PowerBass, and severs and retains the claims against the other two defendants, Dow Electronics and AV Audio Vision, Inc. The reasons are explained below.

**I.   Is Venue Proper at to PowerBass in the Southern District of Texas?**

Venue for patent cases is proper in a judicial district where (1) the defendant resides or (2) "the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1518 (2017) (Congress "placed patent infringement cases in a class by themselves,

1

outside the scope of general venue legislation." (citations omitted)). Venue must be proper as to each defendant. *See, e.g.*, *Blue Spike, LLC v. Nook Dig., LLC*, No. 6:16-CV-1361-RWS-JDL, 2017 U.S. Dist. LEXIS 120400, at *10 (E.D. Tex. July 28, 2017) (citing 28 U.S.C. § 1400(b); *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 U.S. App. LEXIS 26498, at *1 (Fed. Cir. Sept. 25, 1997)).

"Because this is a suit for patent infringement, the law of the Federal Circuit and not the Fifth Circuit binds this Court, even on matters concerning personal jurisdiction and, presumably, the closely related issue of venue." *Crystal Semiconductor Corp. v. OPTi Inc.*, No. A 97-CA-026 SS, 1997 U.S. Dist. LEXIS 20608, at *6 (W.D. Tex. July 14, 1997); *see also In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("Thus, Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires."). Neither the Federal Circuit nor the Fifth Circuit has provided clear guidance on who bears the burden in a venue dispute. This has led to conflicting approaches in the case law. *See, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *13–17 (E.D. Tex. Nov. 22, 2017) (discussing the conflicting views as to the burden of proof in venue challenges). The trend is to place the burden on the defendant to establish that venue is improper in the forum court. *Id.* ("In the absence of clear guidance from either the Federal or Fifth circuits, the Court concludes that the defendant should bear the burden to explain why its venue privilege is jeopardized in a particular case, which also seems to be the majority view of courts in this circuit." (citations omitted)); *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620-ALM-KPJ, 2017 U.S. Dist. LEXIS 185358, at *5 (E.D. Tex. Oct. 4, 2017) ("Although courts are not uniform in their views as to which party bears the burden of proof with respect to venue, the majority of Fifth Circuit cases hold that the burden is on the objecting defendant to establish that venue is improper." (collecting cases)); 14D WRIGHT & MILLER,

2

FEDERAL PRACTICE & PROCEDURE § 3826 (4th ed. 2017) ("There are many cases—predominantly, but not exclusively, from the Third and Fifth Circuits—holding that the burden is on the objecting defendant to establish that venue is improper, because venue rules are for the convenience and benefit of the defendant."). PowerBass has the burden of demonstrating that venue is improper.

A domestic corporation resides only in the state of its incorporation for the purpose of the patent-venue statute. *TC Heartland*, 137 S. Ct. at 1517 (2017). The parties do not dispute that PowerBass is incorporated and resides in California. (Docket Entry Nos. 1 at ¶ 2; 17 at 1). Venue is not proper in Texas based on the first prong of § 1400(b). PowerBass does not dispute that alleged acts of infringement occurred in the South District of Texas but argues that it has no "regular and established place of business" in Texas. Shortly after *TC Heartland*, the Federal Circuit clarified the second prong of § 1400(b) in *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017). A "regular and established place of business" has three statutory requirements: the defendant must have "a physical place in the district"; "it must be a regular and established place of business"; and "it must be the place of the defendant." *Id.* at 1360. If any is not satisfied, venue is improper under § 1400(b). *Id.*

PowerBass has no offices or facilities; real property, owned or leased; employees who work or reside in this district; or any web servers in the district. (Docket Entry No. 17-1). Wet Sounds argues that PowerBass is "inseparably commingled" with the codefendant third-party distributors through which PowerBass distributes its products in Houston. As a result, according to Wet Sounds, PowerBass itself is deemed to have a regular and established business in this district. Wet Sounds further argues that neither *TC Heartland* nor *In re Cray* addressed circumstances in which multiple defendants worked together "in cooperative efforts." According to Wet Sounds, the facts that a codefendant, Dow Electronics, has a physical office in Houston; PowerBass's website identifies

3

multiple dealers located in Houston authorized to sell PowerBass products; and PowerBass advertises these dealers on the PowerBass website as places where PowerBass products can be purchased are enough to make venue proper here. Wet Sounds argues that these "distribution centers" are physical locations that carry out regular and established PowerBass business and satisfy the *In re Cray* physical-presence requirement.

To have a "regular and established" business in the district, a defendant must have a "physical place." *In re Cray*, 871 F.3d at 1362. "The statute . . . cannot be read to refer merely to a virtual space or electronic communications . . . ." *Id.* Wet Sounds argues that *In re Cray* supports viewing the place of third-party "distribution centers" as the defendant's physical place for venue purposes. This argument is unpersuasive. *In re Cray* does not discuss "distribution centers" run by third-party distributors. Instead, the opinion states that if a defendant uses an employee's home "like a distribution center," the physical presence requirement is met as to that defendant. *Id.* There is no evidence here that Dow Electronics or AV Audio Vision, Inc. are employees of PowerBass. The record shows that both are third-party distributors that sell PowerBass products. *Cf.* 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3823 ("The matter is complicated when separate, but closely related corporations are involved. . . . So long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.").

PowerBass's lack of physical presence in Texas also defeats the third requirement from *In re Cray*—that the place of business must be "the place of the defendant." *Id.* at 1363. "Relevant considerations [for this factor] include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* There is no record evidence that PowerBass owns, leases, or controls the third-party distributors in the Houston area. Without a

4

regular and established business in the district, venue as to PowerBass is improper in the Southern District of Texas.

Wet Sounds argues that venue is proper in this district because of the defendants' jointly infringing acts, citing the America Invents Act, 35 U.S.C. § 299. The problem is that venue must be proper as to each defendant, and it is not proper as to PowerBass. Under these circumstances, the court may not retain venue as to that defendant, even if judicial economy would support that. When venue is not proper, the court has more limited options than with a *forum non conveniens* motion.

After the court requested supplemental briefing on where venue might be proper for the remaining defendants, Wet Sounds amended its complaint to add claims for federal and common-law trademark infringement. (Docket Entry No. 25). Based on those claims, Wet Sounds argues, the court should exercise pendent venue over all of Wet Sounds's claims against PowerBass. PowerBass responds that the additional claims are a "ploy" that the court should reject. (Docket Entry No. 27). Wet Sounds relies on *Hsin Ten Enter. U.S. v. Clark Enters.*, 138 F. Supp. 2d 449 (S.D.N.Y. 2000). The court in that case found that pendent venue over the plaintiff's patent-infringement suit was proper when the primary claim asserted was for trademark infringement. PowerBass argues that this reliance is misplaced and instead directs the court to *Jenny Yoo Collection, Inc. v. Watters Design, Inc.*, No. 16-XV-2205 (VSB), 2017 U.S. Dist. LEXIS 175399 (S.D.N.Y. Oct. 20, 2017), and *National Products, Inc. v. Arkon Resources, Inc.*, No. C15-1984JLR, 2018 U.S. Dist. LEXIS 48563 (W.D. Wash. Mar. 23, 2018), both of which rejected pendent venue after *TC Heartland*.

Pendent venue is improper in this case. As the *Hsin Ten* court explained, there are two general approaches to pendent venue over federal claims. First, "some courts have found that the

more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute." 138 F. Supp. 2d at 462 (citation omitted). The second approach requires courts to "determine which of the two federal claims is the 'primary' claim, and apply the venue statute applicable to that claim." *Id.* (citation omitted). The *Hsin Ten* court applied the second approach, but also departed from the trend of other courts, noting that "[t]here is no question that most of the courts that have addressed [the issue of pendent patent venue] have refused to exercise pendent venue over a federal patent claim governed by section 1400(b)." 138 F. Supp. 2d at 463. The reasons the *Hsin Ten* court gave for its departure from the prevailing approach highlights why pendent jurisdiction is improper here. The court explained that the cases rejecting pendent jurisdiction did so because "the plaintiff attempted to 'ferryboat in' the patent claim by joining less important federal claims or state law claims which were properly venued." *Id.* at 463 (citations omitted). Here, unlike the claims at issue in *Hsin Ten*, and like the claims in the cases rejecting pendent jurisdiction, the claims are primarily for patent infringement. The trademark-infringement claims are to "ferryboat in" venue for the underlying patent claim. Wet Sounds waited six months to amend its complaint, and it did so only after the court requested additional briefing on where venue might be proper for all defendants. The primary claim is clearly for patent infringement.

Even more compelling, the *Hsin Ten* court explained that at the time of the prior rulings that denied pendent patent venue, "the patent venue was highly restrictive . . . ." *Id.* at 464 ("Although the reach of section 1400(b) is not co-extensive with that of the general venue statute, section 1400(b) is a much broader statute today than it was when most courts held that pendent-venue cannot be exercised over a patent infringement claim."). The pendulum has now swung back. The patent venue statute is undeniably more strict now, post-*TC Heartland*, than it was in 2000, when

6

the *Hsin Ten* court found pendent venue appropriate. *See, e.g.*, *Jenny Yoo*, 2017 U.S. Dist. LEXIS 175399, at *17–18 (rejecting the reasoning from *Hsin* because the patent venue statute is no longer as broad after *TC Heartland*). Because the primary claim is for patent infringement and the patent venue statute contains the more specific provisions, pendent venue is not justified in this case.

Venue is improper as to PowerBass in the Southern District of Texas.

## II. Should the Claims Against PowerBass Be Dismissed or Transferred?

PowerBass asks the court to dismiss or, in the alternative, to transfer the case to the Central District of California. Wet Sounds asks the court to deny the motion to dismiss or, in the alternative, to sever the claims against PowerBass and transfer those to the Central District of California, while retaining the claims against the remaining defendants in the Southern District of Texas.

"The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Chenevert v. Springer*, Civ. A. No. C-09-35, 2009 U.S. Dist. LEXIS 63981, at *4 (S.D. Tex. July 22, 2009). "If venue is proper for some defendants but improper for others, the district court has wide discretion. It may transfer the entire case to another forum that would be proper for all the defendants. Or it may retain the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants." 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed. 2017); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) ("In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice. One option is to transfer

7

the entire case to another district that is proper for both defendants. Another alternative is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.").

Neither Dow Electronics nor AV Audio Vision has challenged venue in the Southern District of Texas. Both Dow Electronics and PowerBass assert that there is no single district in which venue is proper to all the defendants. Dow is incorporated in Florida, with offices in Florida, Georgia, North Carolina, and Texas, but it has no ties that would make venue proper in California. (Docket Entry Nos. 27, 28). AV Audio Vision has not appeared. Wet Sounds and PowerBass agree that venue for PowerBass is proper in the Central District of California and agree to transfer the claims against PowerBass to that district. The court finds that it is in the interest of justice to transfer the claims against PowerBass to that district.

## III. Conclusion

The claims against PowerBass are severed and transferred to the Central District of California under § 1406(b). This court retains the claims pending against Dow Electronics and AV Audio Vision.

SIGNED on April 17, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge